**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10285 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00433-DCB-GEE-1 |
| v. | |
| KEVIN DEWANE MARTIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 17, 2012
San Francisco, California

Before: FISHER and IKUTA, Circuit Judges, and SEABRIGHT, District Judge.[**]

The district court did not err by refusing to grant defendant Kevin Dewane

Martin an evidentiary hearing or a new trial based on his claim of a due process

violation under *Brady v. Maryland*, 373 U.S. 83 (1963). The record belied any

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable J. Michael Seabright, District Judge for the U.S. District Court for Hawaii, sitting by designation.

allegation that the prosecution suppressed evidence that could have been used to exculpate Martin or impeach prosecution witness Kristy Conrad. *See Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Martin's "plead the 5th" text message to Conrad was facially incriminating, not exculpatory, and in any event the prosecutor immediately disclosed it to defense counsel. The prosecutor had no obligation to further investigate the text message conversation (if any) leading up to Martin's "plead the 5th" message because the allegedly exculpatory information was in defense counsel's possession. *See Rhoades v. Henry*, 598 F.3d 495, 502 (9th Cir. 2010); *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006). The government discharged its obligation to disclose all relevant facts to defense counsel, *cf. United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000), and defense counsel had the "incentive and opportunity" to conduct an investigation of Martin's phone in time for trial, *United States v. Velte*, 331 F.3d 673, 680 (9th Cir. 2003). Finally, even if Conrad perjured herself by failing to mention the "plead the 5th" message when questioned about her contact with Martin, the prosecutor satisfied her *Brady* obligation by bringing it to the court's attention at sidebar. *See United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir. 1985).

We also reject Martin's argument that his sentence was procedurally unreasonable. The district court correctly calculated the Sentencing Guidelines

2

range as 210 to 262 months and several times noted that the Guidelines range was limited by the statutory maximum of twenty years. The district court also considered and discussed the 18 U.S.C. § 3553(a) factors and adequately explained the sentence selected. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Martin's argument that his sentence was substantively unreasonable because the district court gave unmerited deference to the child pornography Guidelines fails as well. The district court recognized that the Sentencing Guidelines were advisory only, and in fact exercised its discretion to depart downward thirty months from the low end of the Guidelines range in part because of a concern that the Guidelines did not adequately distinguish between more and less culpable defendants. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011); *cf. United States v. Henderson*, 649 F.3d 955, 963–64 (9th Cir. 2011). The district court provided a reasoned explanation for its decision and was entitled to give substantial weight to the harm caused to society by child pornography and the goal of general deterrence.

**AFFIRMED.**